UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICARDO VASQUEZ, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> INDIANA UNIVERSITY HEALTH, INC., ) <br> INDIANA UNIVERSITY HEALTH ) <br> BLOOMINGTON, INC., ) <br> DANIEL HANDEL, ) <br> ) <br> Defendants. ) | No. 1:21-cv-01693-JMS-MG |

**ORDER**

The parties appeared by counsel for a telephonic discovery conference on April 21, 2023, to discuss a discovery dispute centering on whether Defendants may redact portions of responsive documents that they assert is not "relevant" to this litigation. The parties submitted written positions on the issue to the Court in advance of the conference.[1]

**I.**
**LEGAL STANDARD**

Fed. R. Civ. P. 26(b)(1) provides that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…." *Id.* "[R]elevance" for purposes of discovery "is broader than relevance at trial." *Freeman v. Ocwen Loan Serv., LLC*, 2022 WL 999780, at *2 (S.D. Ind. Apr. 4, 2022) (internal quotation marks and citation omitted). That is so because "during discovery, a broad range of

---

[1] The Court commends counsel for their extensive and meaningful efforts to meet and confer about discovery matters in this case to date and their concise presentation of issues for the Court's review.

potentially useful information should be allowed when it pertains to issues raised by the parties' claims." *Id.* (internal quotation marks and citation omitted).

## II.
### DISCUSSION

Plaintiff says that Defendants have produced about 150 documents with purported redactions for relevance.[2] More specifically, Plaintiff says that Defendants have redacted the following relevant information:

- Strategy and planning documents (described by Plaintiff as "selectively redacted");
- Transaction tracking documents (described by Plaintiff as "almost entirely redacted");
- IU Health leadership materials (described by Plaintiff as "entirely redacted"); and
- A list of physicians that IU Health referred to the Indiana State Medical Association's Distressed Physician Assistance Programs (physicians' names redacted).

First, Plaintiff argues that Defendants have redacted information that *is relevant* to this case, so any case law supporting "redaction for relevance" is inapposite. Plaintiff says that Defendants' redactions of unconsummated transactions (*i.e.*, efforts by Defendants to acquire physician practice groups or medical facilities) run contrary to Fed. R. Civ. P. 26(b) and case law holding that a defendant's acquisition efforts or system-wide growth strategies (beyond particular specialties) are relevant to monopolization and anti-competition claims brought under Section 2 of the Sherman Act and Section 7 of the Clayton Act. During the status conference, Plaintiff further explained that information beyond the geographic and practice area market definition pled in his Complaint is relevant because Defendants may attempt to define the relevant market more broadly

---

[2] Both parties extensively recount their negotiation of the protective order, as well as discovery responses, and each party's understanding of the same. The Court finds that these exchanges between counsel are not determinative of the narrow dispute presented to the Court, so will not recount these negotiations and exchanges.

than that pled by Plaintiff.  Second, Plaintiff argues that, setting aside that the redacted information is relevant, federal courts frequently prohibit parties from redacting for relevance because doing so is not supported by the Federal Rules of Civil Procedure.  Furthermore, says Plaintiff, Defendants' redactions preclude Plaintiff from understanding the context of the unredacted information.  Third, Plaintiff argues that the Protective Order entered in this case contains an "Attorneys' Eyes Only" provision, which is sufficient to protect any sensitive information.

Defendants respond that it redacted only very limited, irrelevant information, which they describe as "discrete, competitive sensitive information."  More specifically, Defendants say they redacted "from corporate planning documents excerpts concerning unconsummated transaction and transactions that do (or did) not implicate the product [vascular surgery services and primary care services] and geographic [Bloomington, Ind. and 10 surrounding counties] markets Plaintiff [has] alleged," and defense counsel confirmed that this is the nature of the redacted information during the status conference.  Defendants explain that nearly all of the redacted documents came from IU Health's Vice President of System Strategy who "is involved in strategic projects across IU Health's system, Indiana, and beyond," which generally "have nothing to do with Plaintiff's claims or this case, but are referenced in summary-style documents that also reference information Defendants agreed to produce."  Defendants next cite case law from courts permitting redaction for relevance when the irrelevant information is particular sensitive and dispute Plaintiff's contention that the redactions remove needed context for the unredacted portions.  Defendants say that designating the redacted information "Attorneys' Eyes Only" pursuant to the Protective Order is inadequate because "disclosure of confidential information always entails a risk of inadvertent disclosure."  Finally, Defendants say the names of physicians referred to the Physician Assistance

3

Program is not due to relevance but rather Defendants' assertion of the peer-review privilege, which is an issue not yet ripe for the Court's consideration.

Courts assessing "relevance" in antitrust litigation alleging monopolization adopt a liberal approach and generally "have allowed discovery to probe beyond the geographical area at issue." *Cobb Theatres III, LLC v. AMC Ent. Holdings, Inc.*, 2015 WL 10891939, at *2 (N.D. Ga. Nov. 6, 2015). See also *Health All. Plan of Mich. v. Blue Cross Blue Shield of Mich. Mut. Ins. Co.*, 2018 WL 10322116, at *2 (E.D. Mich. Jan. 2, 2018) ("[I]n antitrust cases, the relevant market's boundaries are not determined by allegations, but by evidence regarding market realities."). An allegation of monopolization "call[s] for broad discovery … to uncover evidence of invidious design, pattern, or intent," which "applies equally to geographic scope." *SmithKline Beecham Corp. v. Apotex Corp.*, 2006 WL 279073, at *3 (E.D. Pa. Jan. 31, 20016) (internal citations and quotation marks omitted). See also *United States v. Dentsply Int'l, Inc.*, 2000 WL 654286, at *5 (D. Del. May 10, 2000) ("The fact that the United States is the relevant market in this case does not necessarily limit discovery to the United States."). This is broad approach has particular weight when the issue of geographic market has yet to be conclusively decided. See *Sports Rehab Consulting, LLC*, 2023 WL 2824300, at *5 (D. Colo. Mar. 13, 2023) ("The question of whether the appropriate geographic market extends beyond the Vail Valley is a highly relevant issue in the litigation – perhaps even a dispositive one – and it is appropriate to allow both sides considerable latitude in discovery on that question.").

As far as redactions, as a general matter, this Court has observed that "[r]elevance generally is not a sufficient reason to redact otherwise responsive documents." *F.F.T., LLC v. Sexton*, 2020 WL 3258623, at *4 (S.D. Ind. June 15, 2020). See also *EEOC v. Dolgencorp, LLC*, 2015 WL 2148394, at *2 (N.D. Ind. May 5, 2015) ("[R]edaction of otherwise discoverable documents is the

4

exception rather than the rule."). Permitting a party to redact for relevance is disfavored because, as well-described by one court within this Circuit, "'[w]hat constitutes relevant information is often a matter of judgment, and even 'irrelevant information within document that contains relevant information may be highly useful to providing context for the relevant information.'" *Dolgencorp*, 2015 WL 2148394, at *2 (quoting *Bartholomew v. Avalon Capital Grp., Inc.*, 278 F.R.D. 441, 451 (D. Minn. 2011)). *See also In re State St. Bank & Trust Co. Fixed Income Funds Inv. Litig.*, 2009 WL 1026013, at *1 (S.D.N.Y. Apr. 8, 2009) ("[Unilateral] redactions are generally unwise. They breed suspicions, and they may deprive the reader of context.").

However, courts within this District have held that in limited circumstances redacting for relevance *may* be appropriate. More specifically, "[i]f a document contains unresponsive information that is particularly sensitive—for example, information that would violate a third-party's privacy—redaction or production under an attorneys' eyes only provision may be appropriate. *F.F.T.*, 2020 WL 3258623, at *4. Redaction may be permissible when the redacted portion is not necessary to provide context to the unredacted portion of the document and the redacting party provides "an adequate explanation as to exactly what was redacted for relevance, which permits [the opposing party] to challenge any of those redactions if she does not believe that they are irrelevant." *Greenbank v. Great Am. Assurance Co.*, 2019 WL 6522885, at *12 (S.D. Ind. Dec. 4, 2019).

The Court adopts the approach of other courts within this District that provides a limited exception for a party to redact for relevance, provided that the information is sufficiently sensitive. Defendants are to revise their document production and redactions to comport with the following rulings.

***Redaction Log.***  As a starting point, to the extent any redactions are appropriate in light of the following rulings in this Order, Defendants must provide a log of such redactions (much like a privilege log) with an "adequate explanation as to exactly what was redacted for relevance" sufficient to enable Plaintiff "to challenge any of those redactions" if he does not believe they are irrelevant" in view of the Court's explanations in this Order.  See *Greenbank*, 2019 WL 6522885, at *12.

***Unconsummated Transactions – Primary Care and Vascular Surgery.***  The Court agrees with Plaintiff that failed or abandoned transactions concerning primary care or vascular surgery services are relevant to Plaintiff's monopolization and attempted monopolization claims and should not be redacted.  See *SmithKline Beecham Corp.*, 2006 WL 279073, at *3 (reiterating that broad discovery is appropriate to uncover intent and pattern evidence).  However, for the time being, the Court will permit Defendants to redact and log information about unconsummated transactions concerning primary care or vascular surgery services that are currently in ***active*** negotiations.  Active negotiations means that Defendants are in current discussions about the transaction.  Parties in the midst of negotiating a potential transaction should have some assurance of confidentiality and that an outside party is not looking over their shoulders.  The Court will, however, consider whether these active negotiations should remain redacted into the future.

***Geographic Area – Primary Care and Vascular Surgery.***  And, as to the primary care and vascular surgery services, the geographic region for permissible redactions should not be constrained to Bloomington, Ind. and the ten surrounding counties (unless Defendants are willing to stipulate to this market definition).  Rather, transactions (whether completed or not) concerning primary care and vascular services in the State of Indiana are relevant and may not be redacted.  See *Dentsply Int'l*, 2000 WL 654286, at *5.

***Service Products Outside of Primary Care and Vascular Surgery.*** Defendants' arguments regarding information related to different service products (*i.e.*, not primary care and vascular surgery) are stronger. Defendants' operations related to wholly different products than those at issue appear to have little to no relevance at present and are sufficiently sensitive that the Court will permit this information to be redacted for the time being. The Court will reconsider particular redactions of other service products if Plaintiff is able to clearly show relevance following delivery of the redaction log.

***Physician Names.*** The Court declines to take up the issue of Defendants' redaction of the names of physicians referred to the Indiana State Medical Association's Distressed Physician Assistance Programs at this time. The parties are ORDERED to further meet and confer about this matter and discuss Defendants' assertion of peer-review privilege.

### III.
### CONCLUSION

Defendants are ORDERED to make any revisions to their relevance redactions to incorporate the above rulings and to provide Plaintiff with a redaction log within 21 days of this Order (or such time as the parties may otherwise agree). The parties are further ORDERED to meet and confer about Defendants' assertion of the peer-review privilege reference above.

Date: 5/15/2023

Mario Garcia
United States Magistrate Judge
Southern District of Indiana

**Distribution via ECF to all counsel of record.**