UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICARDO VASQUEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:21-cv-01693-JMS-MG |
| | ) |
| INDIANA UNIVERSITY HEALTH, INC., | ) |
| INDIANA UNIVERSITY HEALTH | ) |
| BLOOMINGTON, INC., | ) |
| DANIEL HANDEL, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

The parties appeared by counsel for a telephonic discovery conference on June 29, 2023 to discuss a variety of discovery matters raised by both Plaintiff and Defendants. The parties submitted written positions on the matters in advance of the conference, and the undersigned heard argument from counsel during the conference.

**I.**
**LEGAL STANDARDS**

Fed. R. Civ. P. 26(b)(1) provides that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…." *Id.* "[R]elevance" for purposes of discovery "is broader than relevance at trial." *Freeman v. Ocwen Loan Serv., LLC*, 2022 WL 999780, at *2 (S.D. Ind. Apr. 4, 2022) (internal quotation marks and citation omitted). That is so because "during discovery, a broad range of potentially useful information should be allowed when it pertains to issues raised by the parties' claims." *Id.* (internal quotation marks and citation omitted).

However, discovery is subject to proportionality and burden limitations. Proportionality is determined by considering "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). In assessing burden, courts also assess whether the discovery sought is "unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C).

And when it comes to discovery depositions, Fed. R. Civ. P. 30(a)(2)(A)(i) requires a party to obtain consent from the opposing party or leave of court if the party wants to take more than 10 depositions. Courts have found that leave should be granted to exceed ten deposition where "the proposed depositions are of witnesses [the opposing party] intend[s] to call at trial." *Whole Woman's Health Allilance v. Hill*, 2019 WL 10886796, at *1 (S.D. Ind. Sept. 14, 2019).

## II.
### DISCUSSION

### A. Matters Raised by Defendants

The Court begins with the two discovery matters raised by Defendants.

### 1. Production of Plaintiff's Financial Records.

By way of Fed. R. Civ. P. 34 document requests, Defendants ask Plaintiff to produce (1) Plaintiff's complete financial records for any business, practice, or entity through or with which he provides, or receives compensation or revenue for providing, healthcare services; and (2) Documents reflecting income or other financial benefits that plaintiff (or any entities in which he is a shareholder, member, or stakeholder) sought or received from any source. In response to these requests, Plaintiff has produced tax returns and high-level profit-and-loss statements.

Defendants are seeking the documents that Plaintiff would have provided to his accountant to generate the tax returns. Plaintiff argues that the documents provided to his accountant are "entirely cumulative" of the tax returns and profit-and-loss statements. Plaintiff also says that one of his entities—Gramercy Park LLC—is merely an entity that holds real estate, does not reflect any income or revenue that he receives for providing medical services, and is therefore irrelevant.

First, with regard to the underlying tax documents that Plaintiff provided his accountant, the Court agrees with Defendants that his allegations in this case entitle Defendants to perform a deep dive on his financial status, including the documents supporting his tax returns. Plaintiff's lawsuit has alleged that Defendants' conduct is financially ruinous to his business, therefore Defendants are entitled to discovery on the full nature of his finances and are not required to rely on summary tax returns. Second, with regard to Gramercy Park LLC, Defendants are entitled to test the veracity of Plaintiff's representation that this entity merely holds real estate. Plaintiff needs to produce documents sufficient to verify as much.

**2. Production of Plaintiff's Calendar and Appointment Records.**

Defendants request that Plaintiff produce his calendar, which, Plaintiff reports that he keeps as part of the software he uses to maintain electronic health records ("EHR") for his medical practice. Defendants acknowledge that Plaintiff has produced his "claims data," which reflects every medical procedure for which he has billed. The claims data uses a patient identification number rather than patient names or other personal identifying information. Plaintiff contends that producing his calendar of appointments would entail logging into his EHR system and manually printing a page for each day, then redacting patient-identifying information from the document before it is produced to Defendants. During the hearing, Defendants clarified that they are

3

requesting these documents to find out "how Dr. Vasquez is spending his time" in terms of developing business.

The Court finds proportionality weighs against requiring Dr. Vasquez to produce a daily calendar or appointment schedule at this juncture. Plaintiff has produced the most relevant information contained therein—the patient and procedure volume of his business—in the claims data. To the extent that Defendants are seeking this information to show that Dr. Vasquez is not being as productive as he could be, the burden at this juncture outweighs the probative value of the information and is more appropriately discovered by straightforward deposition questions posed to Dr. Vasquez. If Dr. Vasquez testifies to engaging extensively in other pursuits that would be reflected in his EHR daily diary, Defendants may reapproach the Court about this request.

### B. Matters Raised by Plaintiff

After further meet-and-confer efforts, the parties narrowed the discovery issues raised by Plaintiff to two matters.

#### 1. Deposition Limits.

Plaintiff anticipates that he will need to take more than ten depositions, and Defendants do not consent to taking more than ten. *See* Fed. R. Civ. P. 30(a)(2). As discussed during the conference, while the matter is presently premature because Plaintiff has not exceeded ten depositions nor requested leave from the Court, the Court provided guidance to the parties that a request for leave to exceed ten depositions to depose witnesses on Defendants' witness list would likely be well received. That is not say that Plaintiff faces no limits in the number of witnesses that he may depose if doing so presents an undue burden to Defendants, but at this stage, the Court finds that leave to depose witnesses identified on the opposing party's witness list should be

liberally granted. With this guidance, the parties are to continue meet and confer efforts to schedule requested depositions.

### 2. Production of IT Phone Call Records.

Plaintiff requests that Defendants produce phone calls placed to their information technology ("IT") group during 2017-18 regarding the EHR system used by Defendants. In another proceeding, Defendants used recorded calls placed by Plaintiff to IT staff to show that Plaintiff was unprofessional with staff. Plaintiff is asking for calls placed by other providers to IT staff to show that they were equally unprofessional but did not face similar consequences as Plaintiff. Defendants have agreed to search for and produce all calls from Plaintiff to IT staff.

The Court agrees with Defendants that this request is overbroad as written, and the information sought has minimal relevance to this case. The Court declines to order Defendants to search through and produce calls placed by providers to IT staff regarding the EHR system.

## III.
### CONCLUSION

In summary, (1) Plaintiff is ORDERED to produce the financial documents provided to his accountants for preparation his personal and business entities' tax returns; (2) Defendants' request for Plaintiff's EHR daily calendar is DENIED at this juncture and without prejudice to re-raise the issue following Plaintiff's deposition; (3) the parties are ORDERED to continue meet-and-confer efforts to schedule depositions sought by Plaintiff with the guidance provided in this Order; and (4) Plaintiff's request for IT phone call recordings is DENIED.

Date: 7/10/2023

Mario Garcia
United States Magistrate Judge
Southern District of Indiana

**<u>Distribution via ECF to all counsel of record.</u>**