UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DR. RICARDO VASQUEZ, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| vs. | ) | No. 1:21-cv-01693-JMS-MG |
| | ) | |
| INDIANA UNIVERSITY HEALTH, INC., | ) | |
| INDIANA UNIVERSITY HEALTH BLOOMINGTON, | ) | |
| INC., d/b/a IU HEALTH BLOOMINGTON | ) | |
| HOSPITAL, and | ) | |
| DR. DANIEL HANDEL, | ) | |
| | ) | |
| *Defendants.* | ) | |

**ORDER**

Plaintiff Dr. Ricardo Vasquez initiated this litigation against Defendants Indiana University Health, Inc., IU Health Bloomington Hospital, and Dr. Daniel Handel ("Defendants") on June 11, 2021, asserting various antitrust claims. [Filing No. 1.] During discovery, a dispute arose regarding office and patient files. Specifically, Dr. Vasquez has opposed disclosing these files to Defendants. The Magistrate Judge resolved the dispute in favor of Dr. Vasquez in a September 14, 2023 Discovery Order, to which Defendants have filed an Objection, [Filing No. 131]. The Objection is ripe for the Court's review.

**I.
STANDARD OF REVIEW**

The standard of review of a magistrate judge's decision "varies depending on whether the matter was dispositive." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009). For dispositive matters, review is *de novo*. *Id.*; Fed. R. Civ. P. 72(b). For non-dispositive matters, review is far more deferential. *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997). Review for a non-dispositive decision sustains an objection only if the decision

is "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a). Clearly erroneous means that the district court is left with a "definite and firm conviction that a mistake has been made." Weeks, 126 F.3d at 943. Contrary to law means that the decision "fail[ed] to apply or misapplie[d] relevant statutes, case law, or rules of procedure." Pain Ctrs. of Se. Ind., LLC v. Origin Healthcare Sols., LLC, No. 1:13-CV-00133, 2014 WL 6674757, at *2 (S.D. Ind. Nov. 25, 2014). Non-dispositive matters include "[d]iscovery-related decisions made by the magistrate judge." Weeks, 126 F.3d at 943.

## II.
### BACKGROUND

Dr. Vasquez alleges that Defendants' unlawful conduct has caused him to lose referrals of patients. [Filing No. 1 at 37.] According to Dr. Vasquez, to determine whether his number of referrals has changed, "[o]bjectively . . . the only way you would know is by going through [his] medical records." [Filing No. 131-1 at 8.] The medical records are stored in an electronic system called "Sonosoft," which contains data of the practice's billing and claims. [Filing No. 132-1 at 2.] The billing and claims data was produced during discovery. [Filing No. 132-2 at 4.] But that electronic data is not original; it is extracted from hardcopy files. [Filing No. 132-2 at 9.] So, Defendants next requested a subset of those underlying files. [Filing No. 132-1 at 2.] Specifically, Defendants' Request for Production No. 67 requested "[a]ll office and patient files for each patient to whom [Dr. Vasquez] provided [TCAR] services." [Filing No. 131-3 at 6.] Additionally, Defendants' Request for Production No. 68 requested "[a]ll office and patient files for each patient to whom [Dr. Vasquez] provided services at the [OBL] located at" the Vascular Center and Vein Clinic. [Filing No. 131-3 at 3; Filing No. 131-3 at 6.]

The parties' positions regarding the propriety of Defendants' Requests for Production 67 and 68 were memorialized in a September 1, 2023 Joint Statement Regarding Discovery Dispute

2

(the "Joint Statement"). [Filing No. 132-4.] On September 8, 2023, the parties argued their positions during a telephonic conference before Magistrate Judge Mario Garcia, which was not recorded or transcribed by a court reporter. [Filing No. 112 at 1.] Magistrate Judge Garcia issued an Order on September 14, 2023, compelling some of the discovery Defendants sought but denying their requests in connection with Requests for Production 67 and 68. [Filing No. 113 at 7.] Magistrate Judge Garcia reasoned that, since Dr. Vasquez had already produced the billing and claims data for TCAR and OBL services, the Requests "impose[d] a burden not proportional to the needs of the case." [Filing No. 113 at 4.] Defendants filed their Objection to September 14, 2023 Discovery Order on September 28, 2023. [Filing No. 131.]

## III.
### DISCUSSION

In their Objection, Defendants do not argue that Magistrate Judge Garcia's decision was clearly erroneous or contrary to law. [*See generally* Filing No. 132-1.]¹ Instead, they argue that their Objection should be sustained because Requests for Production 67 and 68 are reasonably tailored to the needs of the case, and underlying office and patient files are essential to challenge Dr. Vasquez's evidence. [Filing No. 132-1 at 3.] Defendants state that they have requested only those office and patient files related to OBL and TCAR services which, they aver, constitute only a small sample size. [Filing No. 132-1 at 4.] Defendants state that Dr. Vasquez will use this data to prove "he now performs fewer procedures and receives fewer referrals from other providers" to support his claim and his damages. [Filing No. 132-1 at 3.] They contend that the "records are not trustworthy" because "discovery has shown that: Sonosoft Data entry is a manually intensive process involving multiple individuals for different fields; Sonosoft is an 'outdated

3

software' that required workarounds; [Dr. Vasquez's] third-party billing consultant has found errors in Sonosoft and is unaware of any process for identifying and correcting errors; anyone with access to Sonosoft could make changes; and much of the data included in Sonosoft was entered during preparations for or during the pendency of this case." [Filing No. 132-1 at 3-4.] Defendants state they plan to "challenge the trustworthiness" of Dr. Vasquez's evidence at trial. [Filing No. 132-1 at 3.]

In response, Dr. Vasquez argues that Defendants waived their argument because they failed to raise it before Magistrate Judge Garcia. [Filing No. 142 at 5.] Originally, Dr. Vasquez states, Defendants requested data to show that he compromised patient safety. [Filing No. 142 at 3.] To make his point, Dr. Vasquez quotes Defendants' statements from the Joint Statement. [*See* Filing No. 142 at 3 (quoting Filing No. 132-4 at 5 ("[Dr.] Vasquez compromised patient safety by performing unnecessary TCAR procedures on patients to increase revenue, . . . .")); Filing No. 142 at 3-4 (quoting Filing No. 132-4 at 7 ("Dr. Vasquez performed procedures at his OBL unsafely and unlawfully by, among other things, administering sedatives to patients in a facility that did not comply with Indiana law, . . . ."))._] Even if the argument were not waived, Dr. Vasquez argues that Magistrate Judge Garcia did not commit clear error in denying discovery because Dr. Vasquez has already disclosed information relevant to claims and billing, documentation of planning and costs for TCAR, documentation of planning and costs for the OBL, and documentation of national accreditation for the OBL. [Filing No. 142 at 2.] Dr. Vasquez argues that Defendants rely on statements from his billing consultant that have been taken out of context to aver that his records are not trustworthy. [Filing No. 142 at 6.] In reality,

---

[1] Defendants' filed their Objection at Filing No. 131, but filed an unredacted version at Filing No. 132-1. The Court cites to the unredacted version when discussing the parties' arguments.

Dr. Vasquez states, workarounds for processing TCAR claims are limited; inconsistent data is minimal; accuracy of medical records is verified for insurance; information is contemporaneously recorded; coding procedures remain current; and coding is routinely handled by Dr. Vasquez himself. [Filing No. 142 at 6-8.] Dr. Vasquez states that requiring him to respond to the discovery requests would impose an "entirely disproportionate" burden to engage in "collection, review, redaction, and production of hundreds of patient files regarding hundreds of individual claims" covering "more than 500 claims." [Filing No. 142 at 8-9 (emphasis omitted).] Dr. Vasquez states that, ultimately, the discovery request is merely a ruse to mask Defendants' "fishing expedition." [Filing No. 142 at 5.]

In reply, Defendants argue that their argument is not waived. [Filing No. 154 at 1.] They state that "counsel for Defendants raised the argument orally before the Magistrate Judge, noting that Defendants anticipate that Plaintiff will introduce the Sonosoft files as business records and that the records would allow Defendants to test the veracity of the data." [Filing No. 154 at 1.] They argue that even if oral argument were not considered, it is doubtful that waiver applies to this procedural posture. [Filing No. 154 at 2.] Defendants argue that much of the authority on waiver applies only to a magistrate judge's report and recommendation under Rule 72(b) and that Rule 72(a) "does not speak to waiver." [Filing No. 154 at 2.]

### III.
#### DISCUSSION

In general, "arguments not made before a magistrate judge are . . . waived." *United States v. Melgar*, 227 F.3d 1038, 1040 (7th Cir. 2000) (citing *Divane v. Krull Elec. Co.*, 194 F.3d 845, 849 (7th Cir. 1999)). That waiver extends to arguments raised for the first time in objections to the magistrate's ruling. *Haywood v. Baylor*, 804 F. App'x 401, 403 (7th Cir. 2020) (citing *Melgar*, 227 F.3d at 1040). Prior to Magistrate Judge Garcia's September 14, 2023 Order,

5

the most detailed record of the discovery dispute is the parties' Joint Statement, where Defendants' current argument is nowhere to be found. [Filing No. 131-4.] Defendants' position in the Joint Statement primarily concerned using the underlying files to prove Dr. Vasquez jeopardized patient safety, and not to address whether the data is untrustworthy. [Filing No. 131-4 at 7-8.] The Minute Entry for the September 8, 2023 telephonic conference does not shed any light on whether Defendants raised the issue of the data's trustworthiness, reporting only that "[t]he parties appeared by counsel for a telephonic discovery conference. Arguments heard. The court takes the matter under advisement and will issue a separate order on the dispute." [Filing No. 112 at 1.] All that remains a vouching contest. Dr. Vasquez states that Defendants did not raise their argument. [Filing No. 142 at 5.] Defendants state that they did raise their argument. [Filing No. 154 at 1.] Whether Defendants did or did not raise their argument, the record does not say.

The available record shows only that Magistrate Judge Garcia properly weighed Defendants' Requests for Production 67 and 68 for office and patient files against the fact that Defendants had already received claims and billing data. [Filing No. 113 at 4.] From this record, the Court cannot discern any argument that leaves the Court with a definite and firm conviction that a mistake has been made. Cf. *Fisher v. Krajewski*, 873 F.2d 1057, 1062 n.5 (7th Cir. 1989) ("[I]t is impossible to review the magistrate's ruling in the absence of the transcript, as we would be left to speculate"). The Court determines that, based on the record before it, Magistrate Judge Garcia's September 14, 2023 Order was not clearly erroneous or contrary to law and **OVERRULES** Defendants' Objection. [Filing No. 131.]

6

## IV.
### FURTHER PROCEEDINGS

Despite overruling Defendants' Objection, the Court is concerned that Defendants' requests for office and patient files foreshadow a disruption to trial. For example, certain calculations or data might be considered summary evidence under Federal Rule of Evidence 1006. *See, e.g.*, *Canada Dry Corp. v. Nehi Beverage Co. of Indianapolis*, 723 F.2d 512, 522-23 (7th Cir. 1983) (summary evidence included chart of lost profits). Under Rule 1006, Defendants could demand to scrutinize Dr. Vasquez's office and patient files, even in the middle of trial. The Court explains the logistical difficulty this poses and directs further proceedings.

### A. Rule 1006 and Avoiding Disruptions to Trial

Federal Rule of Evidence 1006 enables a proponent of evidence at trial to use a "summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court." Fed. R. Evid. 1006. The Rule recognizes that "the preparation of summaries from other documents carries risks of error or distortion." *Conoco Inc. v. Dep't of Energy*, 99 F.3d 387, 393 (Fed. Cir. 1996), *as amended on reh'g in part* (Jan. 2, 1997). So the Rule "allow[s] the opposing party adequate opportunity to check the accuracy of the summary against the original records." *United States v. Rangel*, 350 F.3d 648, 651 (7th Cir. 2003). After objection, the proponent of summary evidence, must "make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place." Fed. R. Evid. 1006. It is an abuse of discretion not to provide "adequate time" to review the underlying records. *Canada Dry Corp.*, 723 F.2d at 523. Likewise, it would be an abuse of discretion, to admit such summary evidence without adequate foundation. *Needham v. White Lab'ys, Inc.*, 639 F.2d 394, 403 (7th Cir. 1981).

Like a spreadsheet or a chart, Dr. Vasquez's data, and the calculations based upon it, appear to be representations of underlying information – a "summary" of the underlying records. *See, e.g.*, *Canada Dry Corp.*, 723 at 522-23. Given Dr. Vasquez's strenuous argument about the difficulty in preparing even a subset of the data's underlying files, the files are likely inconvenient to examine in court. *See, e.g.*, *United States v. Petty*, 132 F.3d 373, 378 (7th Cir. 1997) (evaluating charts summarizing "records [which] were cumbersome, difficult to read, and contained much irrelevant information").

If the data is actually a summary, the timing of the review of the underlying files poses a critical problem. Dr. Vasquez relies upon his office and patient files to help prove his case. [*E.g.*, Filing No. 147 at 19-20 ("Dr. Vasquez's claims data supports his testimony").] Defendants plan to challenge that data's trustworthiness. [Filing No. 132-1 at 3.] Rule 1006 would entitle Defendants to compare the data with its underlying files, even in the middle of trial. The result would be disruption, requiring a potentially lengthy recess so that the parties could prepare and review documents, and the Court could decide any objections. As the litigation should be approaching its end, it could be derailed by a costly delay. This is precisely contrary to the "just, speedy, and inexpensive determination" of the issues that the Court must strive for. Fed. R. Civ. P. 1. For this reason, the Court has the inherent authority to manage the proceedings "to prevent a party from springing summaries" of many documents "on the opposing party so late in the day that the party can't check their accuracy against the summarized documents before trial." *Fid. Nat'l Title Ins. Co. of New York v. Intercounty Nat'l Title Ins. Co.*, 412 F.3d 745, 753 (7th Cir. 2005) (citing *Air Safety, Inc. v. Roman Cath. Archbishop of Bos.*, 94 F.3d 1, 8 (1st Cir. 1996)).

The Court also notes that the summary judgment motion is now fully briefed, and the Court is unable to readily discern whether the data in question is relied upon by Dr. Vasquez in

8

the voluminous records submitted in opposition. [Filing No. 144, 145]. Thus, to better ascertain the role of the billing and claims data in this case, further proceedings are in order.

B.      Further Actions

To resolve the issue of the underlying billing and claims data before trial, the Court **requests that the magistrate judge**:

Conduct whatever proceedings are necessary to determine whether the Sonosoft records are indeed a summary, whether and to what extent Dr. Vasquez has used or will use the Sonosoft records to oppose summary judgment or to prove his claims at trial, and whether and to what extent Federal Rule of Evidence 1006 compels production to Defendants of the underlying records. The Court refers the foregoing to the magistrate judge for determination of the foregoing issues, in the event the parties cannot reach an agreement.

C.      Encouragement to Make a Record

Because further proceedings might entail future hearings, the Court takes a moment to address the state of the record. Although argument was held before Magistrate Judge Garcia regarding Requests for Production 67 and 68, neither party requested that it be recorded. The key question of waiver was reduced to a swearing contest between the parties' counsel, and the absence of a record has hampered the Court's review of the magistrate judge's decision. The Seventh Circuit has contemplated this scenario, requiring that parties be given an opportunity to make a record where objections must be preserved for appeal. Specifically, Seventh Circuit Rule 56(a) provides:

> (a) Opportunity to State Objections and their Rationale.  Whenever a rule of court requires concrete proposals or objections and reasons in order to preserve a claim for appeal (e.g., Fed. R. Civ. P. 51, Fed. R. Crim. P. 30, Fed R. Evid. 103(a)), the judge must ensure that parties have an adequate opportunity to put their proposals, objections, and reasons on the record.  When the judge entertains proposals or objections off the record (for example, a sidebar conference or a jury instruction conference in chambers), as soon as practicable the judge must offer an opportunity to summarize on the record the proposal or objection discussed, and the reasons for the proposal or objection.  The judge then must state the ruling made.

7th Cir. R. 56(a) ("Opportunity to Object and Make Proposals on the Record"), https://www.ca7.uscourts.gov/rules-procedures/rules/rules.htm#cr56.

The Court emphasizes that all proceedings, whether conducted in person or by phone, or before a magistrate judge or a district judge, are capable of being recorded in the Southern District of Indiana in compliance with 7th Cir. R. 56(a).  The Court also recognizes that, for non-dispositive decisions, it may well be difficult to predict when appeal-worthy matters will arise. *E.g.*, *L.A. Weight Loss Ctrs., Inc.*, 577 F.3d at 760 n.6 (reviewing a magistrate judge's decision and declining to decide whether such decision is non-dispositive when amending complaint would result in joinder that would destroy diversity jurisdiction).  But when they do arise, if an objection is not preserved, waiver is the result.  Fed. R. Civ. P. 72(a); *United States v. Brown*, 79 F.3d 1499, 1504 (7th Cir. 1996) ("[F]ailure to challenge before a district judge a magistrate's pretrial rulings under § 636(b)(1)(A) waives the right to attack such rulings on appeal.").  Counsel are therefore encouraged to request a record of any proceeding from which they might appeal, or risk waiver.  *See* 7th Cir. R. 56(b).

## V.
### CONCLUSION

For the foregoing reasons:

- Defendants' Objection to September 14, 2023 Discovery Order, [131], is **OVERRULED**;

- The magistrate judge is requested to conduct whatever proceedings are necessary to determine whether the Sonosoft records are indeed a summary; whether and to what extent Dr. Vasquez has used or will use the Sonosoft records to oppose summary judgment or to prove his claims at trial; and whether and to what extent Federal Rule of Evidence 1006 compels production to Defendants of the underlying records. The Court refers determination of the foregoing issues to the magistrate judge in the event the parties cannot reach an agreement on their resolution.

Date: 11/7/2023

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record.**